IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SHARON CHISM and CECIL CHISM**                      **PLAINTIFFS**

V.                      **4:08CV00341-WRW**

**ETHICON ENDO-SURGERY, INC. and**
**JOHN DOES 1-10**                      **DEFENDANTS**

## ORDER

Pending is Defendant Ethicon Endo-Surgery Inc.'s ("Ethicon") Motion for Summary Judgment (Doc. No. 24). Plaintiffs have responded, and Ethicon has replied.[1] For the reasons set out below, the motion is DENIED.

### I. BACKGROUND

On April 16, 2002, Dr. Rex Luttrell performed gastric-bypass surgery on Plaintiff Sharon Chism.[2] As I understand it, Dr. Luttrell performed a Roux-en-y procedure where, using a cutter/stapler, he divided and stapled portions of the small bowel, divided the stomach to create a small pouch (smaller stomach), and then attached the portions of the small bowel to the smaller, newly created stomach. Consistent with hospital procedure, the cutter/stapler used during the operation was discarded immediately after the operation was completed.

The day after surgery, Ms. Chism had an accelerated heart rate and diagnosed with a leak from the previous operation. During a second surgery, Dr. Luttrell noticed that the there was a "dehiscence [separation] of the staple line" at the end of the efferent ileum (the part of the bowel

---

[1] Doc. Nos. 29, 34.

[2] Doc. Nos. 25, 30.

that is connected to the rectum).[3]  In other words, the staples used to hold the tissues together came undone and gastric contents leaked.

Plaintiffs assert that Defendant's TLC 55 cutter/stapler was used during the surgery, and that the "TLC 55 cutter malfunctioned resulting in a failed staple line, and an open bowel" after Ms. Chism's surgery.[4]  Plaintiffs asserted claims for negligence, strict liability design defect, and breach of warranty.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[5]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[6]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[7]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[8]  This court must view the facts in the

---

[3]Doc. No. 24-4.

[4]Doc. No. 30.

[5]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[6]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[7]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[8]*Id.* at 728.

light most favorable to the party opposing the motion.[9]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[10]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[11]

## III. DISCUSSION

Defendant raises two points its motion for summary judgment: (1) Plaintiffs have failed to establish that Defendant's device was used during the surgery; and (2) Plaintiffs have failed to "negate other possible causes" of the injury.[12]

### A. Defendant's Device

Based on the evidence before me, clearly, there are facts in dispute as to whether Defendant's device was used in the surgery.  For example, Defendant points out that Dr. Luttrell's notes do not specifically reference its stapler, but instead mention a "GIA stapler," "TX-60 Blue Stapler," and a "GIA-75 green stapler."[13]  However, Dr. Luttrell has testified that the term GIA[14]

---

[9]*Id.* at 727-28.

[10]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[11]*Anderson*, 477 U.S. at 248.

[12]Doc. No. 25.

[13]Doc. No. 24-4.

[14]Apparently, GIA is the name of a competitor's cutter/stapler.

was used generically in his notes, and that he used Defendant's TLC 55 stapler. Additionally, after the surgery, Dr. Luttrell approached one of Defendant's sales representatives and they discussed the failure rates of the staplers.[15] Considering these few examples, there are material facts in dispute as to whether Defendant's cutter/stapler was used during Ms. Chism's surgery. This fact dispute must be resolved by a jury.

**B.      Negating Other Causes**

Defendant asserts that it is entitled to summary judgment because Plaintiffs have failed to negate other possible causes of her injury. Specifically, Defendant attacks the testimony of Plaintiffs' expert, Dr. William Hyman. However, the attacks on Dr. Hyman's analysis and conclusions are better suited for coss-examination, rather than summary judgment.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion for Summary Judgment (Doc. No. 24) is DENIED.

IT IS SO ORDERED this 27th day of August, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[15]Doc. No. 25, 30.