**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**SHARON CHISM and CECIL CHISM**     **PLAINTIFFS**

**V.**     **4:08CV00341-WRW**

**ETHICON ENDO-SURGERY, INC. and
JOHN DOES 1-10**     **DEFENDANTS**

## ORDER

Pending is Defendant Ethicon Endo-Surgery, Inc.'s Motion in Limine to Exclude Witnesses James Clay Wellborn, M.D. and Sheleen Bowman (Doc. No. 40). Plaintiffs have responded, and each party filed a reply.[1] In a September 24, 2009, telephone conference, the parties presented oral arguments in connection with Defendants' Motion.

This case is set for trial on October 5, 2009. The discovery cutoff was July 22, 2009.[2] In its discovery requests, Defendant Ethicon asked Plaintiff to identify each individual Plaintiff would call as a lay witness, or as an expert witness, at trial.[3] On August 26, 2009 -- after the discovery cutoff -- Plaintiffs identified for the first time two witnesses: James Clay Wellborn, M.D. and Sheleen Bowman. On September 2, 2009, Defendant filed its Motion in Limine to exclude the testimony of these two individuals.[4]

---

[1] Doc. Nos. 48, 54, 58.

[2] Doc. No. 16.

[3] Doc. No. 40-2.

[4] Doc. No. 40.

Plaintiffs' response states that "Plaintiffs' separate counsel, Thomas L. Barron, is responsible for failing to timely identify Dr. Wellborn [and] Sheleen Bowman."[5] Plaintiffs point out that Dr. Wellborn has treated Sharon Chism since 2003, and that he will be testifying as a treating physician, not an expert witness.[6] Sheleen Bowman was a scrub tech at Ms. Chism's surgeries on April 16 and 17, 2002, and is expected to testify that Defendant Ethicon's device was used on Mrs. Chism.[7] Plaintiffs attached several hospital documents to their response to show on what Ms. Bowman's testimony will be based.[8] Plaintiffs assert that Defendant knew of both Dr. Wellborn and Sheleen Bowman, even though neither person was identified as a witness. Plaintiffs' counsel believes his error was harmless and would not prejudice Defendant.[9]

Defendant's Reply notes another issue with disclosure -- that two of the documents attached to Plaintiffs' Response, and upon which Ms. Bowman's testimony will be based, also were not disclosed.[10] Plaintiffs' September 18, 2009, Sur-Reply does not contest that the Operating Room Billing Statement and Case Preference Sheet were not disclosed, and, again, Plaintiffs maintain that the lack of disclosure was harmless and did not result in prejudice.[11]

---

[5]Doc. No. 49.

[6]*Id.*

[7]*Id.*

[8]Doc. No. 48.

[9]Doc. No. 49.

[10]Doc. No. 54.

[11]Doc. No. 58.

Federal Rule of Civil Procedure 37 provides that a party is not allowed to use a witness or information that the party failed to disclose unless that failure was substantially justified or was harmless.[12]

After carefully considering the parties' pleadings and arguments, Defendant's Motion is DENIED. I will allow both witnesses to testify, and will not exclude the Operating Room Billing Statement and Case Preference Sheet on the basis that they were disclosed late. Defendant is directed to depose Ms. Bowman, and, if after the deposition Defendant still feels prejudiced by the late disclosure, Defendant may ask for a continuance.

IT IS SO ORDERED this 25th day of September, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[12] Fed. R. Civ. P. 37.